IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                           PLAINTIFF

v.                          No. 4:10-cr-55-DPM

ANTHONY GENE MAYS                                  DEFENDANT

### ORDER

Mays moves to reduce his sentence based on amendments to the Sentencing Guidelines. When he was sentenced, he received two criminal history points because he was on parole when he committed his new crime. He would only receive one point under the amended Guidelines. This change, however, does not affect his sentencing range. He was a career offender, meaning he remains in criminal history category VI. His motion, *Doc. 98,* is therefore denied.

Mays also moves for immediate release under 18 U.S.C. § 3582(c)(1)(A)(i). He doesn't say whether he exhausted his administrative remedies before filing his motion. It's unnecessary to get clarity on the exhaustion issues, though, because his motion fails on the merits.

A jury convicted Mays of (1) being a felon in possession of a firearm, (2) attempting to kill a federal officer, and (3) using a firearm in furtherance of a crime of violence. He's serving a forty-year sentence. He says that his sentence should be reduced because of changes in the

law.  Assuming that qualifies as an "extraordinary and compelling" reason under the statute, the Court finds that the law hasn't changed. The felon in possession of a firearm statute doesn't violate the Second Amendment.  *United States v. Jackson*, 110 F.4th 1120, 1125-27 (8th Cir. 2024).  Attempted murder of a federal official is a crime of violence for the purposes of 18 U.S.C. § 924(c)(1)(A).  *Rose v. United States*, No. 23-3572, slip op. at 6–10 (8th Cir. 29 August 2025);  *see also United States v. States*, 72 F.4th 778, 790–91 (7th Cir. 2023).  And any changes made in the First Step Act or the Big Beautiful Bill wouldn't reduce Mays's sentence.  His motion, *Doc. 94*, is denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

29 October 2025